Caldwell, J.
This case was commenced in the probate court and takem from there on error to the common pleas, and on error from the common pleas to this court.
The facts are that Jacob Perkins died intestate, having at the time of his death a large tract of land, some six hundred acres or more, lying close to the city of Warren, a part of the land perhaps being inside of the corporate limits, and leaving a son, the defendant in error in this action, J. B. Perkins. In his will he provided that the trustees -should take his estate, care for it until his son arrived at a certain age, when it was to be turned over to him; and there was.a provision in this instrument that the trustees should not sell or encumber property.
In 1872, while the -trustees were in charge of this 'estate, T think it was in 1872, but I would not be sure, the Painesvill»; and Youngstown Railroad Company, in building its road through between these two cities, crossed this land or that portion of it which is here denominated as about one hundred and sixty-three acres which lies next to the city; built its road' from the southeast corner through to the northwest or nearly to the northwest corner, diagonally; built it without any arrangement .with these trustees, regarding themselves as having no. authority to sell or enter into any arrangement in this matter, as it is stated, and they continued to operate the road' after it was constructed for some time and, perhaps in 1878, a mortgage on the road was foreclosed and it was sold, and the- *632 company reorganized, taking the road known as the Painesville & Youngstown Railway Company. This company continued to operate until sometime in 1885 or 1886, perhaps, when the company passed into the hands of the defendant. The defendant was at that time in such a condition in regard to this railroad property that it had two trustees appointed to take this property and operate it for the time being.
When the Painesville & Youngstown Railway Company was being closed up there was litigation carried on in Lake county, commenced sometime in 1882 or 1883 or 1884; I have not the exact date, undertaking to marshall all the liens and claims against this Painesville & Youngstown Railway Company. J. B. Perkins was a defendant in that action and set up some claim for this land, but under a holding of the court, that claim and all claims founded, as it was, were not acted upon and were left without prejudice and in a short time after the termination' of that litigation this action was commenced, the petition, I think, being filed in May, 1887.
It is claimed here that there was error in the probate court and that erro is set out in the brief of counsel for the railroad company, and it is claimed that the common pleas court erred in affirming the proceedings of the probate court.
The first objection that is noticed to these proceedings on behalf of counsel for the railroad company is, that the petition, taken altogether, shows a right of action in the plaintiff or shows that there was a right of action in the plaintiff other than the action he has brought, and that taken altogether his petition shows that the railroad company had rights, had acquired rights, in this strip of land over,, which the road passes, which would not permit the proceedings which were had in this action, and in view of what I shall say hereafter I will give it no further attention at this time.
Then the objection is made that they were not the proper parties to this action that these receivers should have been made defendants; and in fact, the objection goes so far-as to claim that the railroad company is not a proper party and should not. have been a party at all, but that the receivers alone should have been sued in this action.
*633 We have given this matter the attention that we think It Is entitled to and we think that the land owner in this instance .had a right to proceed, if he had a right to proceed in this ■way at all, directly against this company. The title, the estate •of the road generally, was in the company, and the matter as set forth in the brief of counsel shows most conclusively that these receivers were not here for any other purpose than simply the company was seeking some reorganization and making some private arrangements, although doing that, if necessary, in the courts of Pennsylvania, and shows also that these receivers were appointed by a court in Pennsylvania to operate this road during the pendency of these proceedings. They are not appointed to operate in behalf of creditors; not appointed to operate because the company was insolvent, but because of some proceedings there and because of arrangements in the company that are not made known to the coupt in this action. And, we find that the claim as set up in the answer is not that these receivers were necessary parties; but, that not making them, parties is a complete bar to this action and the objection in the brief is aimed at the same point. We think it is not well taken. The action is properly brought.
The next objection is that the probate court did not find what land was necessary. Now, it is necessary for the probate court to make some finding in regard to these matters. There was no objection taken at the time to the findings that the probate court made*; it .is only sought to be raised further in the case, after that adjudication is made complete, as complete as it ever will be made in that action unless: there should be a retrial — de novo — new. proceedings. There were, no exceptions, taken at the time and only raised further on after the jury was summoned and the case proceeded to trial; then the matter is raised and tried; and we find by examining the record, that the court did quite fully comply with the requisites of the statute.
_ Tlie object and purpose of the requisites of the statute, section 6416, Revised Statutes, is certainly very clear to any one who examines it; and a railroad company, in appropriating land through which it wants to run its road, might appropri *634 a'te very much more than is necessary, or, on the other hand, it may appropriate less than is necessary and thus render quite worthless or subject to great danger from fire, and so forth, other portions of the landowner’s property lying close to and adjacent to the track; and the object is evidently to keep the railroad company from taking and using more than is necessary of the party’s land, or from taking and using less than is necessary to run its: road, and hence it is left to the court to determine.
Of course that rule cannot have, and the reason of that rule cannot have much force in a case where parties have taken possession of the land and operated a road upon it for a number of years and seem to be content with that. Now, if the land owner is content with that taken in this proceeding, it seems to us that the reason of the rule under those circumstances must fade entirely away; hence, the rule is of no importance in this proceeding.
Objections were taken to the introduction of a map. A map was drawn, not placed on record, which was used in the.itrial in the probate court. It was drawn by a competent engineer. Objection was made to this map and it was admitted. | The court expressly confined the admissibility of.this map and said he admitted it in evidence to the jury to show the location of the railroad and the availability of the land for division into lots. This map has it divided into lots and shows in what manner it might be divided and what might be done as to divisions, and for these purposes only, and the defendant to that excepts. We have compared the ruling of the supreme court . in Cincinnati & S. Ry. v. Longworth, 30 Ohio St., 108, in regard to the admissibility of a map and the character of those proceedings and we think the court, confining this map, as it did, for the purpose for which it was admitted, did not err in admitting it as testimony.
There is a complaint that during the trial of this case the court would not continue the case a sufficient length of time to give the attorney for 'the railroad opportunity to take the deposition of the defendant in error.
The defendant in error resides in Cleveland, was not here at the trial, and it seems: they desired to ask him some ques *635 tions; it would seem from the testimony, to ask him some questions particularly for the purpose of contradicting him by showing what he had said on certain occasions. In this the court acted purely at its discretion in a matter of that kind, for the circuit court in the eighth circuit decided only a short time ago, that during the trial of a criminal case, where they expected the witness to be present, and where he had agreed to be present, but, residing out of the county, and that owing to sudden illness, he was unable ito be present in court, a refusal by the trial court to permit the testimony of the party to be taken, although they had to go only from Medina county to Columbus to take that evidence, was not erroneous.
And, while the judges of the eighth circuit felt that they would have acted a little differently from what the trial court did, they did not feel at liberty in a case of that character, under all the circumstances of it, taking into consideration what they expected to show by this witness, to interfere with the discretion of the court. This is certainly a case of equal importance, and where the court had a right ito exercise its discretion, it did not abuse that discretion. That being true, there was no error in this refusal.
He 'says that he was prejudiced by the rulings of the court-in refusing to allow him to cross-examine Burrows as to a certain conversation that Burrows had or that Burrows overheard, to which the counsel of Perkins .took exception in another action; and without stopping to consider that matter, for it does not seem to be insisted upon very vigorously, we will say there was no error in the rulings of the court in this matter.
This brings us now to what the attorney for the railroad company says is the great question in this case. That is this: In a proceeding of this kind, are you to .take the value of the property (¡this road was located upon this land in 1872 and these proceedings were brought in 1887), as it was in 1872 when the road was located, or are you to take the value as it was in 1887, and is now, at .the time these proceedings were brought; that is, as it was at the time the proceedings were commenced? Upon that we have taken a great deal of time to examine this case; have inquired into all the authorities we *636 could find here, and have given it a good deal of consideration.. This remedy sought here is statutory; it is found in section 6448, Revised Statutes. Now, this is giving the parties a new remedy, this statute; and in a case that went to the Supreme Court it was argued as giving a new right, and also argued on the other side that it did not give a new right, and the object and purpose of this argument was no doubt that if it gives-a new right, :then the statutory proceeding prescribed is the exclusive remedy; but if it only gives additional remedy to. a right already existing, then it is not the exclusive remedy, but is merely a cumulative remedy.
The attention of ithe court is specially called to that part of the section providing that: “When a corporation authorized by law to make appropriation of private property * * * has-taken possession of and is occupying or using the land” (it must be. a company entitled to make appropriations), “of any person * * * for any purpose, and the land so occupied or used has not been appropriated and paid for by the corporation, or is. not held by any agreement in writing with the owner thereof, * * * such owner or owners, or either of them * * * may serve notice in writing upon the corporation in the manner provided for the service of a summons against a corporation, to proceed under this chapter to appropriate the land; and on failure of such corporation for ten days so to proceed, -said owner or owners * * * may file a petition in the probate court of the proper county” (here is something they must be able to state) “setting forth the fact of such use or occupation by the corporation, that the corporation has no right, legal or equitable, thereto, * * * that the notice provided in this section has been duly served, that the time of limitation under the notice has elapsed, and such other facts,, including a pertinent description of the land so used or occupied.”
This section then provides a remedy where the land has not been appropriated, where there is no written contract between the owner of the land and the corporation located upon the land; and where the' petitioner can state these jurisdictional facts, that is, that the land has been occupied, that the person. *637 thus occupying it has no legal -or equitable rights thereto, that he has served the notice required in this section. These would seem to be jurisdictional facts inasmuch as the .law requires them to be alleged in the petition. It is evident, then, that this section means that you .cannot avail yourself of this remedy if there has been a legal appropriation. You cannot avail yourself of this remedy if there is a written contract in regard to this matter between the parties. You cannot avail yourself of this section-, of this remedy, unless you can state in your petition these jurisdictional facts.
If that is necessary, then, when the party filing the petition says that the defendant Has no legal or equitable rights to this land, it must mean the same there, that they must have some legal and equitable rights other than could have been acquired by this possession; that must be self evident. Therefore it means simply this, that if they have gotten on there.
Suppose the land is owned by persons jointly, or cotenants, and they have obtained the rights of some cotenants, or suppose they have acquired a title where there are two or more titles outstanding to get in and have -some title in that way; and this must be confined to that, where .they have some -title to the land and have gained possession under it.
The whole statute, then, taken, altogether, must mean that 'if the railroad company has simply gone upon that land and located its road there, that i:t acquires no title and no equitable right -by so doing, and we are confirmed in that by Atlantic & G. W. Ry. v. Robbins, 35 Ohio St., 531, 539, a case of'a great deal of interest 'that went up from this county. It says: “Until paid,” where they proceed under this section, “the title and estate. remains in the heirs;” that is, until the land is paid for. “This is a special remedy in cases of unauthorized entry and appropriation, but it is not -exclusive of that at -common law, as in all cases of unlawful entry and possession ■of lands.”
This is what the statute means by unlawful entry, and ■possession. When we consider that the statute requires that they shall pay for the land before they use it, that if they do contrary to the provisions of the statutes and the constitution and go upon land, they m-ust go upon it unlawfully and therefore wrongfully. '
*638 The present action was originally one a't law. By amendment equitable relief was also demanded. Such an action in case of unlawful or wrongful detention of lands is unknown at common law or in equity. This judgment does not bar an action by the heirs. Even its payment does not. operate to transfer the title in the case as under proceedings authorized by the above statutes. Such payment to the administrators would not estop these heirs. The title is 'still in them.
In this very case they had occupied these lands and the court say that Robbins himself was not so estopped is clear; he took pains to show that in his petition, by asking for a recovery of the lands in the event he was not entitled to compensation or damages, and I will notice another instance in a few moments.
So that this statute, then, provides that in a case where possession has been taken, the petitioner must be able to staite that the railroad has no legal or equitable claim therein, and the argument of the statute is a clear inference — the inference of the statute is that possession gives no right, no equitable right, nor any legal title to the lands.
It is said that where a party stands by and sees this thing go on, that this remedy is lost to him. That may be true where he stands by in that manner whereby he may mislead the road to believe that he intends they should have the right of way without paying for it and he assents to their going on his land; then it may be true, but where the circumstances were as we consider them in this case, that that assent was not fairly to be understood by the railroad company and is not to be understood by the court, that there was any assent on the part of Perkins, nor was there delay for any such purpose, nor such intent, nor could the railroad company infer such intent under all the circumstances of this case.
In Platt v. Railway Co., 43 Ohio St., 228, 240 [1 N. E. Rep. 420 ], there was a case up near Toledo. The Rake Shore Company appropriated more land than it needed for its track, and this land was afterwards, a part of it, sold by the Lake Shore Company to the Pennsylvania Company, twenty-five feet of this strip of land they had appropriated. The question came into court by the former owner of the land suing the railroad company for damages caused to him by the railroad *639 company putting another track there, and the Supreme Court says, where the latter company, that wa's this Pennsylvania Company, by reason of such purchase constructed on said surplus of land a railroad and operated .the same for several years, the land owner is not authorized to recover by civil action such surplus so enjoined in the operation of such railroad thereon; but he may by action -treat the transaction as an abandonment of such surplus by the'first company and as an appropriation by the last company and recover damages as upon an appropriation; that is, when the Pennsylvania Company went up there and built their railroad, he may afterwards treat that in that way, it being virtually an appropriation, and sue and recover.
The court in the opinion said: “And in such case, where the interest, as here, was an easement, it is not merely for the state to complain, but the owner has his remedy directly. Sometimes this remedy may be to compel condemnation under the statute.”
Now, that is one remedy — the one we will consider here: “But the Pennsylvania Company is a foreign corporation without power of condemnation.”
Therefore, that remedy was not available in this action. “Sometimes the remedy may be by action to recover possession or to restrain the running of' trains until compensation is made; but where the plaintiff has 'stood by, as may have been the case here, until the improvement was made, either of such remedies would be harsh. Under the circumstances dis" closed in this petition an action to recover as upon appropriation seems to be the proper remedy, and consideration of the following cases will show as well that such action'is warranted as that here was a clear case of abandonment.”
And there comes in the remedy, one of these remedies not being available, the other two being harsh, he having stood by, the party may now avail himself of this fourth remedy, and treat the possession taken as an appropriation and 'sue for his money, whatever 'the damage has been to him.
That is-not saying by any means, but that the court would have held that this company had the power to appropriate this land; it is not saying but the court would have held it was *640 his remedy and the remedy he must follow in this very action; hence the case does certainly not decide, if the company there first had the right to appropriate land in Ohio, that ‘he might not have followed the statutory remedy under consideration. That being the case, and a majority of this court looking upon the statute as giving this lower party, who is located there, no right by reason of location; that there was no such standing by as would imply any right in the company or any title in the company; that this remedy is now available to Mr. Perkins in this action.
The time of the proceedings, is the time for the fixing of the value of the property and it is so ruled by a majority of the court.
I believe this as far as it is necessary to consider the exception's raised. They are all considered, and the majority of the court affirm the judgment below.